# EXHIBIT C

# TOLLING AGREEMENT

This Tolling Agreement (this "Agreement") is made and entered into this 27th day of February, 2025 (the "Effective Date"), by and among Zurich American Insurance Company, Fidelity and Deposit Company of Maryland (collectively, "Surety"), Huffman Construction, LLC, and James Keith Huffman (collectively, the "Indemnitors") (Surety and the Indemnitors collectively, the "Parties").

**WITNESSETH:**

**WHEREAS**, the Indemnitors executed a General Indemnity Agreement, dated August 18, 2014 (the "Indemnity Agreement"), in favor of Surety as inducement for Surety to issue bonds on behalf of Huffman Construction, LLC (the "Principal").

**WHEREAS**, in reliance on the covenants and conditions of the Indemnity Agreement, Surety issued certain bonds on behalf of Principal (all bonds issued by Surety on behalf of Principal collectively, the "Bonds") including: a Performance Bond and a Payment Bond, each bearing No. 09127560, pertaining to a U.S. Army Corps of Engineers ("USACE") project known as the Grand Prairie Pump Station, located in DeValls Bluff, Arkansas (the "Project").

**WHEREAS**, USACE terminated Principal's prime contract for the Project on March 31, 2020, and made demands to the Surety under the Performance Bond. Principal and USACE are currently litigating their disputes in the Armed Services Board of Contract Appeals (the "USACE Case"). Surety remains exposed to liability and loss under the Performance Bond as that dispute remains pending.

**WHEREAS**, Surety has incurred and continues to face exposure to incurring further losses, damages, court costs, expenses, and fees (collectively the "Surety Loss") arising under and in relation to the Bonds, including the USACE Case.

**WHEREAS**, Surety asserts that it is entitled to reimbursement from the Indemnitors for the Surety Loss under Bonds through the Indemnity Agreements along with any and all legal, contractual or equitable claims, rights, or causes of action which Surety may have or subsequently acquire against any or all of the Indemnitors (together, with all actions and causes of action for reimbursement of the Surety Loss, the "Indemnity Claims").

**WHEREAS**, the Parties desire to toll the running of any limitations period under the Indemnity Agreements or at law, as applicable, until liquidation of the Surety Loss and/or conclusion of the USACE Case, as more fully set forth in this Agreement.

**NOW, THEREFORE,** in consideration of these premises and other good and valuable considerations, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1. Acknowledgment and Reaffirmation of Indemnity Obligations. The Indemnitors hereby acknowledge and reaffirm their obligations to Surety under the Indemnity Agreement and the Bonds, and further acknowledge, reaffirm and agree that nothing contained herein nor any action taken by Surety pursuant hereto will in any way waive, alter, amend or modify or limit their obligations to Surety under the Indemnity Agreement or the Bonds or under any written documents executed by the Indemnitors in favor of Surety, it being expressly acknowledged and agreed by the Indemnitors that the rights provided hereunder are in addition to and not in lieu of said rights and remedies. Furthermore, nothing in this Agreement shall be deemed a waiver of Surety's equitable rights and interests including, without limitation, Surety's equitable subrogation rights. Surety reserves all rights, remedies, and defenses, at law and in equity including, without limitation, all rights under the Indemnity Agreement and the Bonds. Notwithstanding the foregoing, Surety acknowledges that this Tolling Agreement is not intended to waive Indemnitors' rights and defenses, and that Indemnitors expressly reserve all rights and defenses, at law and in equity, and that the sole purpose of this Agreement is to toll the running of any limitations period under the Indemnity Agreement or at law, as applicable, until liquidation of the Surety Loss and/or conclusion of the USACE Case, as more fully set forth in this Agreement. Otherwise, the Indemnity Agreement remains in full force and effect.

2. Forbearance Agreement. Surety shall forbear and refrain from filing an immediate action against the Indemnitors under the Indemnity Agreement or otherwise relating to the Indemnity Claims.

3. Tolling Agreement. The Parties agree that the limitations period applicable to Surety's claims against the Indemnitors including, without limitation, the Indemnity Claims, and any equitable defenses relating thereto, shall be tolled from the Effective Date of this Agreement until forty-five (45) days after the Expiration Date of this Agreement in accordance with Paragraph 8. If Surety brings a legal action against the Indemnitors (or any of them) arising from or relating to the Indemnity Claims at any time prior to forty-five (45) days from the Expiration Date, the Indemnitors shall not assert the statute of limitations, any limitations period provided in the Indemnity Agreement or any equitable defenses relating thereto as a defense to the Indemnity Claims, to the extent that the Indemnity Claims asserted would have been timely filed under the applicable limitations period if Surety had asserted such Indemnity Claims as of the Effective Date of this Agreement. For the avoidance of doubt, any legal action commenced by Surety against the Indemnitors (or any of them) filed prior to forty-five (45) days after the Expiration Date will be treated as if filed on the Effective Date of this Agreement.

4. Duty to Cooperate. The Parties agree to fully cooperate and to execute any and all other documents that may be necessary or appropriate to effectuate the terms and intent of this agreement.

5. Consideration. The forbearance from bringing immediate suit and the tolling and abeyance of the Indemnity Claims, however limited or temporary, constitute adequate

consideration for the execution and delivery of this Agreement. The Parties agree that the provisions of this Agreement are reasonable in light of the prevailing circumstances and this Agreement serves the mutual interest of the parties in allowing Surety to preserve the Indemnity Claims and to hopefully avoid litigation among the Parties.

8. Expiration of this Agreement. Unless mutually agreed upon in writing by all Parties to this Agreement, this Agreement shall expire on December 31, 2025 (the "Expiration Date"); provided, however, nothing prevents Surety from filing a lawsuit or other action against one or more of the Indemnitors prior to the Expiration Date.

9. Counterparts. This Agreement may be executed by the Parties independently in any number of counterparts, all of which together will constitute but one and the same instrument, which is valid and effective as if all parties had executed the same counterpart. Furthermore, (a) this Agreement may be transmitted between the Parties by facsimile machine or electronic mail, (b) this Agreement may be executed by facsimile or scan and electronically mailed signatures, and (c) facsimile or scan and electronically mailed signature shall have the effect of an original signature relative to this Agreement.

10. Modification. This Agreement may be modified only by written instrument executed by the Parties.

11. Execution by Individual Indemnitors. This Agreement and the Tolling Agreement in Paragraph 3 above shall immediately become effective and binding on each individual Indemnitor upon execution of this Agreement by that Indemnitor. If one or more Indemnitor fails or refuses to execute this Agreement it shall, nonetheless, be fully enforceable and binding on the Indemnitors that do execute this Agreement.

12. Governing Law. This Agreement, and any rights, remedies, or obligations provided for hereunder, shall be interpreted and enforced in accordance with the laws of the State of Arkansas.

**IN WITNESS THEREOF**, the Parties hereto have executed and delivered this Agreement on the date first shown above.

**ZURICH AMERICAN INSURANCE COMPANY**

By: [signature]
stephen J. Stachowski
Its: Representative

STATE OF NY
COUNTY OF ERIE

I certify that Stephen Stachowski of Zurich American Insurance Company has signed the foregoing Agreement and who is known to me, acknowledged before me that, being informed of the contents of the Agreement, he/she, as such officer with full authority, executed the same voluntarily, for and as the act of said corporation.

Given under my hand this the 3rd day of March, 2025.

Notary of the Public:
My commission expires: 8/20/2027.

JENNIFER SMITH
Notary Public - State of New York
NO. 01SM6173230
Qualified in Erie County
My Commission Expires 8/20/2027
[signature] Jennifer Smith

**FIDELITY AND DEPOSIT COMPANY OF MARYLAND**

By: [signature]
stephen J. Stachowski
Its: Representative

STATE OF NY
COUNTY OF ERIE

I certify that Stephen Stachowski of Fidelity and Deposit Company of Maryland has signed the foregoing Agreement and who is known to me, acknowledged before me that, being informed of the contents of the Agreement, he/she, as such officer with full authority, executed the same voluntarily, for and as the act of said corporation.

Given under my hand this the 3rd day of March, 2025.

Notary of the Public:
My commission expires: 8/20/2027.

JENNIFER SMITH
Notary Public - State of New York
NO. 01SM6173230
Qualified in Erie County
My Commission Expires 8/20/2027
[signature] Jennifer Smith

**JAMES KEITH HUFFMAN**

James K. Huffman

STATE OF Missouri
COUNTY OF Butler

Personally appeared James Keith Huffman, who, being duly sworn, did sign the foregoing instrument on this 27th day of February, 2025.

Notary Public: Ann Eggers
My commission expires 12/05/2027.

ANN EGGERS
My Commission Expires 12-05-2027
NOTARY SEAL
Butler County
Commission # 23589473
NOTARY PUBLIC - STATE OF MISSOURI

**HUFFMAN CONSTRUCTION, LLC**

By: James Keith Huffman

James K. Huffman

Its: Owner

STATE OF Missouri
COUNTY OF Butler

I certify that James Keith Huffman of Huffman Construction, LLC has signed the foregoing Agreement and who is known to me, acknowledged before me that, being informed of the contents of the Agreement, he/she, as such officer with full authority, executed the same voluntarily, for and as the act of said corporation.

Given under my hand this the 27th day of February, 2025.

Notary of the Public: Ann Eggers
My commission expires: 12/05/2027

ANN EGGERS
My Commission Expires 12-05-2027
NOTARY SEAL
Butler County
Commission # 23589473
NOTARY PUBLIC - STATE OF MISSOURI

# AMENDMENT TO TOLLING AGREEMENT

This Amendment to Tolling Agreement (this "Amendment") is made and entered into this ____ day of November, 2025, by and among Zurich American Insurance Company, Fidelity and Deposit Company of Maryland (collectively, "Surety"), Huffman Construction, LLC, and James Keith Huffman (collectively, the "Indemnitors") (Surety and the Indemnitors collectively, the "Parties").

## WITNESSETH:

**WHEREAS**, the Parties entered into a Tolling Agreement, dated February 27, 2025 (the "Effective Date"), that, as expressly set forth therein, tolled the limitations period applicable to Surety's claims against the Indemnitors, including the Indemnity Claims (as defined in the Tolling Agreement), and any equitable defenses relating thereto, from the Effective Date until forty-five (45) days after the Expiration Date, defined to mean December 31, 2025, unless mutually agreed upon in writing by the Parties.

**WHEREAS**, the Parties, by mutual agreement, desire to extend the Expiration Date from December 31, 2025, to December 31, 2026, keeping all other terms and conditions of the Tolling Agreement in full force and effect.

**NOW, THEREFORE,** in consideration of these premises and other good and valuable considerations, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

Paragraph 8 of the Tolling Agreement shall be amended, substituted, and replaced as follows:

> 8. Expiration of this Agreement. Unless mutually agreed upon in writing by all Parties to this Agreement, this Agreement shall expire on December 31, 2026 (the "Expiration Date"); provided, however, nothing prevents Surety from filing a lawsuit or other action against one or more of the Indemnitors prior to the Expiration Date.

The terms and conditions of the Tolling Agreement shall remain in full force and effect, unless as subsequently modified by the Parties pursuant to its Paragraph 10.

This Amendment may be executed by the Parties independently in any number of counterparts, all of which together will constitute but one and the same instrument, which is valid and effective as if all parties had executed the same counterpart. Furthermore, (a) this Amendment may be transmitted between the Parties by facsimile machine or electronic mail, (b) this Amendment may be executed by facsimile or scan and electronically mailed signatures, and (c)

facsimile or scan and electronically mailed signature shall have the effect of an original signature relative to this Amendment.

This Amendment shall immediately become effective and binding on each individual Indemnitor upon execution of this Amendment by that Indemnitor. If one or more Indemnitor fails or refuses to execute this Amendment it shall, nonetheless, be fully enforceable and binding on the Indemnitors that do execute this Amendment.

**IN WITNESS THEREOF**, the Parties hereto have executed and delivered this Amendment on the date first shown above.

**JAMES KEITH HUFFMAN**

[signature]

STATE OF Missouri
COUNTY OF Butler

Personally appeared James Keith Huffman, who, being duly sworn, did sign the foregoing instrument on this 9th day of October, 2025.

Notary Public: [signature: Ann Eggers]
My commission expires 12/05/2027.

ANN EGGERS
My Commission Expires
12-05-2027
NOTARY SEAL
Butler County
Commission # 23589473
NOTARY PUBLIC - STATE OF MISSOURI

**HUFFMAN CONSTRUCTION, LLC**

By: [signature]

Its: Managing Member

STATE OF Missouri
COUNTY OF Butler

I certify that James K Huffman of Huffman Construction, LLC has signed the foregoing Agreement and who is known to me, acknowledged before me that, being informed of the contents of the Agreement, he/she, as such officer with full authority, executed the same voluntarily, for and as the act of said corporation.

Given under my hand this the 9th day of October, 2025.

Notary of the Public: [signature: Ann Eggers]
My commission expires: 12/05/2027

ANN EGGERS
My Commission Expires
12-05-2027
NOTARY SEAL
Butler County
Commission # 23589473
NOTARY PUBLIC - STATE OF MISSOURI

**ZURICH AMERICAN INSURANCE COMPANY**

By: ________________________
Stephen J. Stachowski

Its: Representative

STATE OF New York
COUNTY OF Erie

I certify that Stephen Stachowski of Zurich American Insurance Company has signed the foregoing Agreement and who is known to me, acknowledged before me that, being informed of the contents of the Agreement, he/she, as such officer with full authority, executed the same voluntarily, for and as the act of said corporation.

Given under my hand this the 16 day of Oct., 2025.

Notary of the Public:
My commission expires: 2/22/2028.

Rena Killian

RENA KILLIAN
Notary Public, State of New York
Qualified in Erie County
Reg. No. 01KI0021355
My Commission Expires Feb. 22, 2028

**FIDELITY AND DEPOSIT COMPANY OF MARYLAND**

By: ________________________
Stephen J. Stachowski

Its: Representative

STATE OF New York
COUNTY OF Erie

I certify that Stephen Stachowski of Fidelity and Deposit Company of Maryland has signed the foregoing Agreement and who is known to me, acknowledged before me that, being informed of the contents of the Agreement, he/she, as such officer with full authority, executed the same voluntarily, for and as the act of said corporation.

Given under my hand this the 16 day of Oct, 2025.

Notary of the Public:
My commission expires: 2/22/2028.

Rena Killian

RENA KILLIAN
Notary Public, State of New York
Qualified in Erie County
Reg. No. 01KI0021355
My Commission Expires Feb. 22, 2028